**IT IS ORDERED as set forth below:**

**Date: September 26, 2019**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: |
| **DORIAN VAUGHN WILKERSON AND NEJER JEVONNE WILKERSON,** | : | **15-51778-SMS** |
| Debtors. | : | CHAPTER 7 |
| **TAMYRA S. EDWARDS,** | : | ADVERSARY PROCEEDING NO: |
| Plaintiff, | : | **19-05158-SMS** |
| v. | : | |
| **DORIAN VAUGHN WILKERSON**, | : | |
| Defendant. | : | |

### ORDER DENYING PLAINTIFF'S MOTION TO ALLOW COMPLAINT AND GRANTING DEBTOR'S MOTION TO DISMISS

Before the Court are Plaintiff's *Motion to Allow Complaint* and *Brief in Support of Motion to Allow Complaint* (together, the "Motion to Allow," Docs. 6, 7) filed on May 7, 2019, and

Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement* (the "Motion to Dismiss," Doc. 5).[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)(I). For the reasons set forth below, the Motion to Allow must be denied and the Motion to Dismiss must therefore be granted.

## I.     Procedural History

Dorian Vaughn Wilkerson ("Debtor") filed a voluntary petition for relief under chapter 7 on January 1, 2015. (Bankr. Case No. 15-51778, Doc. 1). Debtor listed Plaintiff as a creditor with a disputed claim in the amount of $40,000 on Schedule F. (*Id.*, at p. 27). On January 30, 2015, the Clerk issued a *Notice of Chapter 7 Bankruptcy Case* setting May 11, 2015, as the deadline for filing a complaint objecting to dischargeability. (*Id.*, Doc. 8). The *Certificate of Mailing by BNC* shows that Plaintiff was served with the *Notice* at two addresses: 1) P.O. Box 816314, Hollywood, FL 33081; and 2) 7863 NW 19th Street, Pembroke Pines, FL 33024. (*Id.*, Doc. 9). Debtor received a discharge on May 20, 2015. (*Id.*, Doc. 18). The Clerk served notice of the discharge to Plaintiff at the addresses listed above. (*Id.*, Doc. 19). On January 26, 2017, the chapter 7 trustee filed a *Report of No Distribution*, and on February 3, 2017, the Court entered an order closing the estate. (*Id.*, Doc. 29). On February 5, 2017, the Clerk served all creditors, including Plaintiff, with a copy of the order closing the estate. (*Id.*, Doc. 30).

On March 22, 2019, Plaintiff commenced the instant adversary proceeding by filing a complaint (the "Complaint") objecting to the discharge of debts owing to her by Debtor under 11 U.S.C. § 523(a)(2), (4), and (6). (Doc. 1). Summons was issued on March 25, 2019, and on March 26, 2019, Plaintiff filed a *Certificate of Service* indicating that Debtor was served with process. (Docs. 3, 4). On April 23, 2019, Debtor filed his Motion to Dismiss. On May 7, 2019,

---

[1] Unless otherwise specified, docket citations reference the docket in the adversary proceeding.

Plaintiff filed the Motion to Allow, requesting that the Court extend the deadline, *nunc pro tunc*, to file the Complaint. Attached to the brief in support of the Motion to Allow (Doc. 7) is Plaintiff's affidavit (the "Plaintiff's Affidavit"). On May 21, 2019, Debtor filed his 1) *Reply in Support of Motion to Dismiss*; 2) *Request to Stay Adversary Proceeding Pending Determination of Motion to Allow Complaint*; and 3) *Objection to Motion to Allow Complaint* (the "Response"), arguing that, pursuant to 11 U.S.C. § 4007(c), the Motion should be denied and the Complaint should be dismissed. (Doc. 8). Plaintiff filed a *Reply* to the Response (the "Reply") on June 4, 2019. (Doc. 9). On June 7, 2019, Defendant filed a *Renewed Motion to Dismiss Based on Judicial Estoppel and Surreply in Opposition to Motion to Allow Late Filed Complaint* (the "Renewed Motion to Dismiss"), along with affidavits of Debtor and Shareza Vaughn Wilkerson in support of the Renewed Motion to Dismiss (the "Debtor's Affidavit" and "Mrs. Wilkerson's Affidavit"). (Docs. 10-12).

**II.   Facts**

Each party's detailed recitation of the facts is set forth in their respective Affidavits. While the exact nature of their relationship is characterized differently by Plaintiff and Debtor, it is undisputed that the parties maintained a personal relationship during the relevant time period. Plaintiff acknowledges that she received notice of Debtor's bankruptcy filing in February 2015 and notice of his discharge in May 2015. (Plaintiff's Affidavit, ¶¶ 6, 11). Plaintiff alleges that Debtor advised that she need not retain a lawyer regarding the bankruptcy filing and that he would repay her, which allegations Debtor disputes. (Plaintiff's Affidavit, ¶¶ 8-9; Debtor's Affidavit, ¶¶ 11-12). Plaintiff does not allege that Debtor attempted to conceal from or mislead Plaintiff regarding the bankruptcy filing or applicable deadlines.

### III. Analysis

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors." FED. R. BANKR. P. 4007(c). Section 523(c) concerns debts "of a kind specified in" § 523(a)(2), (4), and (6). 11 U.S.C. § 523(c)(1). The Court may extend this deadline only upon a motion filed prior to the expiration of the deadline. FED. R. BANKR. P. 4007(c); FED. R. BANKR. P. 9006(b)(3).[2] The first date set for the meeting of creditors in Debtor's bankruptcy case was March 10, 2015, making the deadline to file the Complaint May 11, 2015. The Complaint was filed four years later on March 22, 2019. Plaintiff concedes that the Complaint was not timely filed, but asks the Court to "equitably toll" the deadline because, she alleges, the parties' personal relationship and Debtor's promise to repay Plaintiff caused Plaintiff to refrain from timely taking action in the bankruptcy case.

The Eleventh Circuit has held that the Rule 4007 deadline is absolute, and courts are generally not permitted to extend the filing deadline if such an extension is sought after the expiration of the deadline. *See Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir. 1988). Courts in this Circuit have considered whether the Supreme Court's ruling in *Kontrick v. Ryan*, 540 U.S. 443 (2004), which holds that the deadline to object to a debtor's discharge under Bankruptcy Rule 4004 is not jurisdictional in nature and is thus subject to waiver, coupled with language from *U.S. v. Locke*, 471 U.S. 84, 94 n. 10 (1985), which provides that "[s]tatutory filing deadlines are

---

[2] Plaintiff's Motion to Allow references Bankruptcy Rules 9006(b)(3) and 4004(b), but the brief in support thereof discusses only Bankruptcy Rule 4007. This was perhaps a scrivener's error, but for the sake of clarity, Bankruptcy Rule 4004 applies to actions under 11 U.S.C. § 727 and is thus inapplicable here. Bankruptcy Rule 9006(b)(3) provides that the Court may only enlarge the time for taking action under 4007(c) to the extent provided in that rule. Thus, Bankruptcy Rule 4007(c) is the governing Rule in this matter.

generally subject to the defenses of waiver, estoppel, and equitable tolling," indicates that Bankruptcy Rule 4007 is not jurisdictional and is subject to equitable tolling, thus abrogating *Alton*. *See Bell v. Donnan (In re Donnan)*, 465 B.R. 340 (Bankr. M.D. Ga. 2012); *see also United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251 (Bankr. N.D. Ga. 2013); *Biotech, Inc. v. Withrow (In re Withrow)*, 570 B.R. 452 (Bankr. N.D. Ga. 2017). But the Eleventh Circuit has yet to expressly rule on whether courts may equitably toll the Rule 4007 deadline and courts have consistently held that *Alton* remains good law for the proposition that bankruptcy courts do not have discretion to grant a late-filed motion to extend time to file a dischargeability complaint. *See Stuart v. Mendenhall (In re Mendenhall)*, 572 Fed. Appx. 858, 862 n.2 (11th Cir. 2014); *Withrow*, 570 B.R. at 456.

Even assuming *arguendo* that the Court has the equitable power to toll the 4007 filing deadline, the Court concludes that the facts do not warrant such extraordinary relief. Equitable tolling is applied in only very limited circumstances. In *Harper*, the court identified four circumstances in which the courts in this district have applied equitable principles: 1) extraordinary circumstances beyond the creditor's control; 2) debtor's conscious culpable conduct that misled the creditor as to the deadline; 3) a clerical error by the clerk's office; and 4) the creditor not having received actual notice of the deadline. *Harper*, 489 B.R. at 258-59.

Here, Plaintiff does not deny that she had notice of the deadline, nor does she articulate any extraordinary circumstances beyond her control or any clerical error by the clerk's office that caused her to miss the deadline. Rather, Plaintiff focuses on the conduct of Debtor and, specifically, argues Debtor is "guilty of a false representation" and that their "confidential romantic intimate relationship" justifies Plaintiff's reliance on Debtor's promise of repayment, which ultimately caused Plaintiff to not act. (Doc. 7, p. 10). Essentially, Plaintiff is arguing that Debtor's

unfulfilled promise of repayment and his advice that she need not retain counsel rise to the level of culpability that would warrant equitable relief. The Court is not persuaded.

While the Court acknowledges that the alleged romantic relationship between the parties may have caused Plaintiff to rely on Debtor's reassurances, the facts do not indicate (nor does Plaintiff allege) that Debtor concealed or made any misrepresentations regarding the filing deadline itself. *See IBT Int'l Inc v. Northern (In re Int'l Admin. Services, Inc.)*, 408 F.3d 689, 701 (11th Cir. 2005) (equitable tolling applies "when the fraud goes undiscovered because the defendant has taken positive steps after the commission of the fraud to keep it concealed"); *Keefe v. Bahamas Cruise Line, Inc.*, 867 F.3d 1318, 1324 (11th Cir. 1989) (equitable tolling was appropriate based on the defendant's blatant lie that it had paid the plaintiff's claim in full, which resulted in confusion and delay in filing the complaint); *Donnan*, 465 B.R. at 344 ("the key to being entitled to equitable relief is some deception by the debtor relating to the deadline").

Here, there was no fraud or deception relating to the filing deadline. Debtor did no more than make mere promises of repayment. *See Donnan*, 465 B.R. at 344-45 ("Simply making promises to take care of a creditor, and even guaranteeing payment, does not equate to deceptive conduct relating to the dischargeability objection deadline that would justify equitable tolling."). There is no allegation that Debtor discussed the dischargeability objection deadline with Plaintiff or that he advised Plaintiff to *not* file a dischargeability complaint. *See id.* at 345. As such, the Court finds that Debtor's alleged deceptive conduct was not related to the filing deadline and concludes that equitably tolling the filing deadline is not merited.

### IV. Conclusion

Plaintiff had actual notice of the bankruptcy filing and deadline for filing a dischargeability complaint. Yet, the Complaint was filed four years after the expiration of that deadline. The Court

cannot grant a request to extend the filing deadline, because such request was not filed prior to the expiration of the deadline. As set forth above, no equitable grounds exist to permit Plaintiff's untimely Complaint because there was no deception or actual misrepresentation by Debtor regarding the dischargeability objection deadline. Because Debtor has raised untimeliness in his Motion to Dismiss, and there is no basis to allow the late-filed Complaint, dismissal is appropriate. Accordingly, it is

**ORDERED** that the Motion (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 5) is **GRANTED** and the Complaint (Doc. 1) is hereby **DISMISSED**.

The Clerk of Court shall serve a copy of this Order on Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, and the chapter 7 trustee.